UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

JENNIFER V.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,[1]

    Defendant.

No. 1:20-cv-17949-NLH

**OPINION**

---

**APPEARANCES:**

RICHARD LOWELL FRANKEL
BROSS & FRANKEL, PA
725 KENILWORTH AVE
CHERRY HILL, NJ 08002

   *On behalf of Plaintiff*

DAVID E. SOMERS, III
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
300 SPRING GARDEN STREET - 6TH FLOOR
PHILADELPHIA, PA 19123

   *On behalf of Defendant*

**HILLMAN**, District Judge

    This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding Plaintiff's application for Disability

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration.

Insurance Benefits ("DIB")[2] under Title II of the Social Security Act.  42 U.S.C. § 423, et seq. and under § 1614(a)(3)(A) of the Social Security Act, as amended 42 U.S.C. § 1382c(a)(3(A), regarding Plaintiff's application for supplemental security income ("SSI")[3] under Title XVI of the Social Security Act.  42 U.S.C. § 1381 et seq.  The issue before the Court is whether the Administrative Law Judge ("ALJ") erred in finding that there was "substantial evidence" that Plaintiff was not disabled at any time since her alleged onset date of disability, October 31, 2012.  For the reasons stated below, the Court will remand this case for further proceeding consistent with this Opinion.

I.   BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed an application for DIB on November 27, 2016 as well as an application for SSI on February 28, 2018, alleging that she became disabled on October 31, 2012.  Plaintiff claims that she can no longer work as a gas station attendant or an aviation boat-swing mate basic because of her impairments of

---

[2] DIB is a program under the Social Security Act to provide disability benefits when a claimant with a sufficient number of quarters of insured employment has suffered such a mental or physical impairment that the claimant cannot perform substantial gainful employment for at least twelve months.  42 U.S.C. § 423 et seq.

[3] Supplemental Security Income is a program under the Social Security Act that provides supplemental security income to individuals who have attained age 65, or are blind or disabled.  42 U.S.C. § 1381 et seq.

2

syncope seizures, chronic interstitial cystitis, irritable bowel syndrome, bradycardia, anxiety disorder, depressive disorder, splenic syst, scoliosis, and levioscoliotic curvature of the lumbar spine.[4]

Plaintiff's claims were denied initially and upon reconsideration.[5] Plaintiff requested a hearing before an ALJ, which was held on July 3, 2019. On September 19, 2019, the ALJ issued an unfavorable decision. Plaintiff's Request for Review of Hearing Decision was denied by the Appeals Council on September 19, 2020, making the ALJ's decision final. Plaintiff brings this civil action for review of the Commissioner's decision.

## II. DISCUSSION

### A. Standard of Review

Under 42 U.S.C. § 405(g), Congress provided for judicial review of the Commissioner's decision to deny a complainant's application for social security benefits.[6] Ventura v. Shalala,

---

[4] On the alleged onset date of October 31, 2014, Plaintiff was 24 years old, which is defined as "a younger individual" (age 18-49). 20 C.F.R. § 404.1563.

[5] The record does not make clear the timeline of the denial of Plaintiff's SSI claim, only that it was denied initially and upon reconsideration. (R. at 18).

[6] The standard for determining whether a claimant is disabled is the same for both DIB and SSI. See Rutherford v. Barnhart, 399 F.3d 546, 551 n.1 (3d Cir. 2005) (citation omitted). DIB regulations are found at 20 C.F.R. §§ 404.1500-404.1599, and the

3

55 F.3d 900, 901 (3d Cir. 1995). A reviewing court must uphold the Commissioner's factual decisions where they are supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). Substantial evidence means more than "a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The inquiry is not whether the reviewing court would have made the same determination, but whether the Commissioner's conclusion was reasonable. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

A reviewing court has a duty to review the evidence in its totality. See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984). "[A] court must 'take into account whatever in the record fairly detracts from its weight.'" Schonewolf v.

---

parallel SSI regulations are found at 20 C.F.R. §§ 416.900-416.999, which correspond to the last two digits of the DIB cites (e.g., 20 C.F.R. § 404.1545 corresponds with 20 C.F.R. § 416.945). The Court will provide citations only to the DIB regulations. See Carmon v. Barnhart, 81 F. App'x 410, 411 n.1 (3d Cir. 2003) (explaining that because "[t]he law and regulations governing the determination of disability are the same for both disability insurance benefits and [supplemental security income]," "[w]e provide citations only to the regulations respecting disability insurance benefits").

4

Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (quoting Willbanks v. Secretary of Health & Human Servs., 847 F.2d 301, 303 (6th Cir. 1988) (quoting Universal Camera Corp. V. NLRB, 340 U.S. 474, 488 (1951)).

The Commissioner "must adequately explain in the record his reasons for rejecting or discrediting competent evidence." Ogden v. Bowen, 677 F. Supp. 273, 278 (M.D. Pa. 1987) (citing Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)).  The Third Circuit has held that an "ALJ must review all pertinent medical evidence and explain his conciliations and rejections." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000). Similarly, an ALJ must also consider and weigh all the non-medical evidence before him.  Id. (citing Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983)); Cotter v. Harris, 642 F.2d 700, 707 (3d Cir. 1981).

The Third Circuit has held that access to the Commissioner's reasoning is indeed essential to a meaningful court review:

> Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978).  Although

5

an ALJ, as the factfinder, must consider and evaluate the medical evidence presented, Fargnoli, 247 F.3d at 42, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record," Hur v. Barnhart, 94 F. App'x 130, 133 (3d Cir. 2004).  In terms of judicial review, a district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams, 970 F.2d at 1182.  However, apart from the substantial evidence inquiry, a reviewing court is entitled to satisfy itself that the Commissioner arrived at his decision by application of the proper legal standards.  Sykes, 228 F.3d at 262; Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Curtin v. Harris, 508 F. Supp. 791, 793 (D.N.J. 1981).

    B.    **Standard for DIB and SSI**

The Social Security Act defines "disability" for purposes of an entitlement to a period of disability and disability insurance benefits as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months.  See 42 U.S.C. § 1382c(a)(3)(A).  Under this definition, a plaintiff qualifies as disabled only if her physical or mental impairments are of such severity that she is not only unable to perform her past

6

relevant work, but cannot, given her age, education, and work experience, engage in any other type of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which she lives, or whether a specific job vacancy exists for her, or whether she would be hired if she applied for work.  42 U.S.C. § 1382c(a)(3)(B) (emphasis added).

The Commissioner has promulgated regulations[7] for determining disability that require application of a five-step sequential analysis.  See 20 C.F.R. § 404.1520.  This five-step process is summarized as follows:

1. If the claimant currently is engaged in substantial gainful employment, she will be found "not disabled."

2. If the claimant does not suffer from a "severe impairment," she will be found "not disabled."

3. If the severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and has lasted or is expected to last for a continuous period of at least twelve months, the claimant will be found "disabled."

4. If the claimant can still perform work she has done in the past ("past relevant work") despite the severe impairment, she will be found "not disabled."

5. Finally, the Commissioner will consider the claimant's ability to perform work ("residual functional capacity"), age, education, and past work experience to determine whether or not she is capable of

---

[7] The regulations were amended for various provisions effective March 27, 2017.  See 82 F.R. 5844.  The parties do not indicate that any of the amendments are applicable to the issues presented by Plaintiff's appeal.

7

>performing other work which exists in the national economy.  If she is incapable, she will be found "disabled."  If she is capable, she will be found "not disabled."

20 C.F.R. § 404.1520(b)-(f).  Entitlement to benefits is therefore dependent upon a finding that the claimant is incapable of performing work in the national economy.

This five-step process involves a shifting burden of proof. See Wallace v. Secretary of Health & Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983).  In the first four steps of the analysis, the burden is on the claimant to prove every element of her claim by a preponderance of the evidence.  See id.  In the final step, the Commissioner bears the burden of proving that work is available for the Plaintiff: "Once a claimant has proved that he is unable to perform his former job, the burden shifts to the Commissioner to prove that there is some other kind of substantial gainful employment he is able to perform." Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987); see Olsen v. Schweiker, 703 F.2d 751, 753 (3d Cir. 1983).

### C.  Analysis

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability.  At step two, the ALJ found that Plaintiff's impairments of syncope seizures, bradycardia, irritable bowel syndrome, and chronic interstitial cystitis were severe.  At

8

step three, the ALJ determined that Plaintiff's severe impairments or her severe impairments in combination with her other impairments did not equal the severity of one of the listed impairments.

The ALJ next determined that Plaintiff had the residual functional capacity ("RFC") to perform work at the sedentary level,[8] with certain modifications.  At steps four and five, the ALJ determined that Plaintiff was not able to perform her past relevant work, but Plaintiff's RFC rendered her capable of performing other jobs in the national economy, such as a lens inserter, final assembler inspector, or compact assembler inspector.  The ALJ therefore concluded that Plaintiff was not disabled.

Plaintiff argues that the ALJ erred in her decision in failing to incorporate limitations consistent with the Plaintiff's chronic interstitial cystitis, irritable bowel syndrome, and syncope seizures.[9]  Plaintiff argues that the ALJ also erred by finding Plaintiff's mental health impairments non-severe at step two and in failing to incorporate limitations

---

[8] 20 C.F.R. § 404.1567 ("Physical exertion requirements. To determine the physical exertion requirements of work in the national economy, we classify jobs as sedentary, light, medium, heavy, and very heavy.").

[9] The RFC reflects "what [the claimant] can still do despite [his or her] limitations."  20 C.F.R. §§ 404.1545(a), 416.945(a).

9

consistent with those impairments in the RFC. Finally, Plaintiff contends that the ALJ erred by failing to incorporate into Plaintiff's RFC any manipulative limitations, or any limitations consistent with Plaintiff's difficulty sitting for extended periods.

The Court does not find error in the ALJ's consideration of limitations consistent with chronic interstitial cystitis, irritable bowel syndrome, and syncope seizures. Before proceeding through various pieces of evidence in the record, the ALJ explicitly linked evidence in the record with her conclusion that "The objective medical evidence establishes bradycardia, syncope seizures, IBS and chronic interstitial cystitis; however, the evidence does not support the severity of the claimant's alleged limitations." (R. at 24). Plaintiff states that the ALJ only considered limitations consistent with Plaintiff's bradycardia. A plain reading of the ALJ's decision shows otherwise, in that the ALJ specifically discussed the frequency of Plaintiff's seizures and symptoms of abdominal discomfort. (R. at 25). The Court's review of the record satisfies it that the ALJ appropriately considered the limitations associated with Plaintiff's irritable bowel syndrome, interstitial cystitis and syncope seizures. Burnett, 220 F.3d at 122 (discussing the responsibility of an ALJ to weigh all of the evidence in reaching her conclusion).

10

Similarly, the Court rejects Plaintiff's charge that the ALJ erred by not considering Plaintiff's manipulative limitations and difficulty sitting.  True, the ALJ did not discuss those limitations in those explicit terms.  But the ALJ was not required to do so.  See Hur, 94 F. App'x at 133 ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record[.]").  The decision makes clear that the ALJ considered Plaintiff's testimony in which she discussed her manipulative limitations and her medical records related to muscular and skeletal discomfort and strength, as well as Plaintiff's ability to move.  (R. at 24-25).

However, the Court does find error in the ALJ's failure to discuss Plaintiff's mental impairments in the RFC determination.  Typically, when an ALJ finds that the claimant has at least one severe impairment at step two and continues onto the subsequent steps, omission of another impairment, or the determination that an impairment is not severe, is harmless error. Torres v. Commissioner of Social Security, 2018 WL 1251630, at *5 (D.N.J. 2018) (citing Richardson v. Commissioner of Social Security, 2017 WL 6550482, at *5 (D.N.J. 2017)) (citing Salles v. Comm'r of Soc. Sec., 229 F. App'x 140, 145 n.2 (3d Cir. 2007) ("Because the ALJ found in [Plaintiff]'s favor at Step Two, even if he had erroneously concluded that some of h[is] other

11

impairments were non-severe, any error was harmless."); Rutherford v. Barnhart, 399 F.3d 546, 552–53 (3d Cir. 2005)).

The error at step two is only harmless, however, where the ALJ has considered the medically determinable impairment in the RFC determination and it would not otherwise affect the outcome of the case. Id.  This is because the RFC assessment must take into consideration all of a claimant's medically determinable impairments in combination, including those that the ALJ has found to be severe, as well as those that the ALJ has not deemed to be severe at step two.  See 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' as explained in §§ 404.1520(c), 404.1521, and 404.1523, when we assess your residual functional capacity.").

Here, the Court finds that the ALJ did not err at step two, as she explained that even though Plaintiff suffered anxiety disorder and depression disorder, the disorders "do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere" and referenced the reports of psychologists who evaluated Plaintiff.  (R. at 21-22); see also 20 C.F.R. § 404.1522 (defining non-severe impairments and basic work activities).

12

The Court does find, though, that the ALJ erred in the RFC determination by failing to account for Plaintiff's severe and non-severe impairments in combination. It is important to recognize that the step two determination and the RFC assessment do not present the same analysis. A severe exertional impairment - established at step two - is one that significantly limits a claimant's physical ability to do basic work activities. 20 C.F.R. § 404.1522. While there is some overlap, the assessment of a claimant's exertional capacity in the RFC determination, in contrast, "addresses an individual's limitations and restrictions of physical strength and defines the individual's remaining abilities to perform each of seven strength demands: Sitting, standing, walking, lifting, carrying, pushing, and pulling." SSR 96-8p. An ALJ must consider each of these functions "separately (e.g., 'the individual can walk for 5 out of 8 hours and stand for 6 out of 8 hours'), even if the final RFC assessment will combine activities (e.g., 'walk/stand, lift/carry, push/pull')." Id.

At step two, the ALJ made a cursory statement that the RFC "reflects the degree of limitation the undersigned has found in the [] mental function analysis." (R. at 22). The problem is the RFC analysis contains no reference to Plaintiff's mental impairments at all, while it specifically goes through the limitations associated with the impairments the ALJ found to be

13

severe.  In the absence of any reference to Plaintiff's mental impairments in the RFC analysis, the Court is not satisfied with the ALJ's conclusory statement at step two that she considered them in the RFC analysis.  <u>Sykes</u>, 228 F.3d at 262 (noting that the Court is entitled to satisfy itself that the ALJ applied the correct legal standards).  Because this Court is not empowered to weigh the evidence itself and substitute its judgment for that of the Commissioner, it cannot determine on the record before it whether the RFC analysis was done correctly.  <u>Williams</u>, 970 F.2d at 1182 (noting that the district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder").  Thus, the Court will remand this matter to the Commission for consideration of how Plaintiff's mental impairments affect her RFC.[10]

### III. Conclusion

For the reasons expressed above, the decision of the ALJ will be remanded for consideration of how Plaintiff's mental impairments affect her RFC.

An accompanying Order will be issued.


Date: April 6, 2022                     s/   Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

---

[10] The Court expresses no opinion on the ultimate resolution of this issue upon remand.

14